UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IBRAHIM ELDAKROURY, | : |
| Plaintiff, | : Civil Action No. 13-321 (SRC) |
| v. | : OPINION |
| JEFFREY CHIESA et al., | : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Jeffrey Chiesa, in his capacity as Attorney General of the State of New Jersey, and the State of New Jersey (collectively, the "State"). For the reasons stated below, the motion will be granted.

This case concerns the arrest and criminal prosecution of Plaintiff. The Complaint alleges that, on April 24, 2012, Plaintiff, a manager of an adult entertainment business, "Hott22," was arrested and, subsequently, indicted and criminally prosecuted. The Complaint states that Plaintiff was charged with operating a sexually-oriented business in violation of N.J.S.A. § 2C:34-6, 7 (the "Statute"). On January 17, 2013, Plaintiff filed a Complaint asserting seven claims, which express two principal grievances: 1) Plaintiff's arrest and prosecution have violated Plaintiff's rights under the federal constitution; and 2) the Statute itself is unconstitutional, on its face, as applied to Hot22, and as applied to Plaintiff. In the prayer for relief, the Complaint asks for: 1) declaratory relief regarding the constitutionality of the Statute; 2) an injunction against further prosecution under the Statute; and 3) money damages against

certain defendants. The State has now moved to dismiss the Complaint.

Defendants move to dismiss the Complaint on two grounds: 1) this Court's exercise of jurisdiction would interfere with the pending state criminal prosecution of Plaintiff, and so this Court should abstain from adjudicating the matter; and 2) pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state any valid claim for relief.

In opposition to the first argument, Plaintiff contends that his state criminal prosecution is no longer pending, since, on June 17, 2013, the Honorable Robert J. Mega, J.S.C., dismissed the indictment against Plaintiff. In reply, the State does not dispute this, but states that it has appealed Judge Mega's dismissal of the indictment, and that the appeal is pending. Given that the appeal is pending, there is a pending state criminal prosecution against Plaintiff.

The relief sought by Plaintiff implicates the limits on a federal court's authority to interfere in state criminal proceedings. In Younger v. Harris, the Supreme Court of the United States held that, absent extraordinary circumstances, a district court must abstain from enjoining state criminal proceedings. Younger v. Harris, 401 U.S. 37, 41 (1971); see also Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey, 973 F.2d 169, 173 (3d Cir. 1992) (holding that in Younger, "the Supreme Court held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances."). "The Younger doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979).

The Third Circuit has held that the Younger abstention doctrine bars a federal court from interfering in a state court action when the following three requirements are present:

(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.

Port Auth. Police Benevolent Ass'n, 973 F.2d at 173 (quoting Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). When these requirements are satisfied, a federal court may invoke the Younger doctrine, unless there is a showing of "bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." Id.

The instant case is quite similar to Lui v. Comm'n on Adult Entm't Establishments, 369 F.3d 319, 326 (3d Cir. 2004). In Lui, one plaintiff was the owner, and the other the manager, of an adult entertainment business which sought to offer nude dancing. Id. at 320. A Delaware statute established distance restrictions and licensing requirements for such adult entertainment businesses. Id. at 321. Both plaintiffs were criminally indicted and prosecuted for violations of the Delaware statute. Id. at 322. During the pendency of the criminal prosecution, the plaintiffs filed a federal civil action against the state which asserted both that the criminal prosecution violated their federal constitutional rights and that the Delaware statute was unconstitutional. Id. at 323. Following an adverse decision on motions to dismiss and for summary judgment, Plaintiffs appealed. Id. at 324.

The Third Circuit held that the District Court had correctly applied the three-part Gwynedd test, since the pending state criminal prosecution constituted ongoing state proceedings, this prosecution "implicated important State interests - namely, the State's effort to control the negative effects of adult entertainment establishments through the enforcement of its

zoning laws," and the state proceedings offered Plaintiffs an adequate opportunity to raise their federal claims. Id. at 326. The Third Circuit held that the district court had not abused its discretion in abstaining under Younger and stated:

> [A] ruling which orders *Younger* abstention transfers the entire proceeding to the State court for adjudication, including all of its collateral aspects . . [T]he effect of such an order is to surrender jurisdiction of the federal action to a state court.

Id. at 325. Because of this, the Third Circuit explained, it would not address the merits of any of the constitutional arguments raised by the plaintiffs, which were properly transferred to the state courts for adjudication. Id. at 328.

There does not appear to be any meaningful difference between the facts of Lui and the instant case. Here, as there, there is a pending state criminal prosecution, the State has an important interest in controlling the negative effects of adult entertainment establishments, and this criminal prosecution affords Plaintiff an adequate opportunity to raise his constitutional claims. If there is any meaningful difference, Plaintiff has not pointed to it. Moreover, there is no indication that Plaintiff has been or will be subjected in the state criminal proceedings to bad faith prosecution or harassment. Plaintiff has offered no basis for this Court to conclude that, absent interference with the state proceedings, he will suffer a "great and immediate irreparable injury." The Gwynedd requirements have been met, and abstention under Younger is merited.

Plaintiff cites the Supreme Court's decision in Houston v. Hill, 482 U.S. 451, 468 (1987), in support of the argument that courts should not abstain in cases involving a facial attack on a statute as an abridgment of free expression. As the State observed in reply, in Younger, the Supreme Court stated:

> [T]he chilling effect that admittedly can result from the very existence of certain laws on the statute books does not in itself justify prohibiting the State from

> carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution.

Younger, 401 U.S. at 51-52. Plaintiff has failed to persuade this Court that it should interfere with his criminal prosecution to protect his freedom of speech.

Plaintiff contends that the foregoing analysis is inapplicable to his claims for money damages. The only reference to money damages in the Complaint appears in the prayer for relief, which seeks "Compensatory, Consequential and Punitive Damages against The Union Defendants for violation of 42 U.S.C. § 1983." The Complaint does not define the phrase, "The Union Defendants." Inasmuch as the location of the conduct alleged is the Township of Union, which is in Union County, New Jersey, this Court cannot determine whether Plaintiff means "The Union Defendants" to refer to entities or people associated with the Township of Union or entities or people associated with the County of Union. It is clear, however, that neither the Attorney General of the State of New Jersey nor the State of New Jersey itself could be reasonably understood to be "Union Defendants." The Complaint asserts no claims for money damages against either the Attorney General or the State. This Court thus need not reach this issue to decide this motion.

Even if this Court did reach this issue, however, the Eleventh Amendment makes the moving Defendants immune from a suit for money damages. The Supreme Court has held that, absent the State's consent to suit, the Eleventh Amendment bars actions for damages in federal court against state officials in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). No such claim would be valid. Again, however, this Court finds that the Complaint asserts no such claims against the moving Defendants.

This Court concludes that the requirements for abstention under <u>Younger</u> have been met, and the Complaint will be dismissed with prejudice, so that all matters are transferred to the state courts for adjudication. As such, this Court need not reach the State's arguments for dismissal under Rule 12(b)(6).

                                                       s/ Stanley R. Chesler
                                                       STANLEY R. CHESLER, U.S.D.J.

Dated: November 1, 2013